# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BEVERLY HADRICK,<br><br>                    Plaintiff,<br><br>    vs.<br><br>JO ANNE B. BARNHART, Commissioner of Social Security,<br><br>                    Defendant. | CASE NO. 06cv1084-LAB (JMA)<br><br>**ORDER ADOPTING REPORT AND RECOMMENDATION AND REMANDING FOR FURTHER PROCEEDINGS**<br><br>[Dkt Nos. 17, 18] |

Plaintiff Beverly Hadrick ("Hadrick"), proceeding with the assistance of counsel, seeks judicial review and remedy pursuant to 42 U.S.C. § 405(g) of a final decision of the Commissioner of Social Security ("Commissioner") denying her application for Supplemental Security Income benefits under Title XVI of the Social Security Act ("Act"), 42 U.S.C. §§ 416(i), 423. In particular, she alleges the Commissioner's decision to adopt the Administrative Law Judge's ("ALJ") July 28, 2005 decision denying her application was an abuse of discretion, based on legal error, with the findings of fact and conclusions of law not supported by substantial evidence. Hadrick seeks entry of judgment in her favor reversing the decision or, alternatively, a judgment in her favor remanding the case to the agency for a new administrative hearing and a redetermination of the issues.

Hadrick filed a Motion For Summary Judgment ("Motion"), arguing the ALJ erred in purportedly ignoring the opinions of her examining physician, Dr. Richard Greenfield, M.D., without making appropriate findings, in purportedly failing to accord "controlling weight" to the opinions of her treating physicians, Dr. Denise Rubino, M.D. and Dr. Thomas Harris, M.D., without making

1  appropriate findings, and in purportedly failing to resolve conflicts in the testimony of the vocational
2  expert. Dkt No. 17. The Commissioner filed Opposition to Hadrick's motion and a Cross-Motion For
3  Summary Judgment ("Cross-Motion"), contending the ALJ's decision was supported by substantial
4  evidence and free of legal error. Dkt No. 18. Hadrick filed a Reply to the Cross-Motion.

5  Pursuant to 28 U.S.C. § 636(b)(2) and FED.R.CIV.P. ("Rule") 72(b), this matter was referred
6  to Magistrate Judge Jan M. Adler for a Report and Recommendation ("R&R"). He entered his
7  thorough and thoughtful R&R August 2, 2007, recommending the Motion be granted in part and
8  denied in part, the Cross-Motion be granted in part and denied in part, and the case remanded for
9  further proceedings. Dkt No. 23. The deadline for filing Objections to the R&R passed on August 20,
10 2007, with none filed.

11 A district judge "may accept, reject, or modify the recommended decision, receive further
12 evidence, or recommit the matter to the magistrate judge with instructions" on a dispositive matter
13 prepared by a magistrate judge proceeding without the consent of the parties for all purposes. Rule
14 72(b); *see* 28 U.S.C. §636(b)(1). A party objecting to the recommended disposition of the matter may
15 "serve and file specific objections to the proposed findings and recommendations," and "a party may
16 respond to another party's objections." Rule 72(b). "[T]he court shall make a *de novo* determination
17 of those portions of the report or specified proposed findings or recommendations to which objection
18 is made." 28 U.S.C. §636(b)(1); United States v. Raddatz, 447 U.S. 667, 676 (1980) (when objections
19 are made, the court must make a *de novo* determination of the factual findings to which there are
20 objections). The court also reviews *de novo* the magistrate judge's conclusions of law. Gates v.
21 Gomez, 60 F.3d 525, 530 (9th Cir. 1995). That statutory provision does not require the district court
22 to conduct some lesser review when no objections are filed. Thomas v. Arn, 474 U.S. 140, 149-50
23 (1985); *but see* Robbins v. Carey, 481 F.3d 1143, 1146-47 (9th Cir. 2007) (the magistrate's conclusions
24 of law are reviewed *de novo*, regardless of whether any party has filed objections thereto). "If neither
25 party contests the magistrate's proposed findings of fact, the court may assume their correctness and
26 decide the motion on the applicable law." Orand v. United States, 602 F.2d 207, 208 (9th Cir. 1979).

27 Neither party has contested the proposed findings of fact in this R&R. In the absence of
28 objections, the court assumes their correctness. Orand, 602 F.2d at 208; Raddatz, 447 U.S. at 676.

1  The court has reviewed *de novo* the legal standards the R&R applied to the recited facts in reaching
2  its conclusions of law.  The court finds the R&R cogently demonstrates the ALJ erred by not
3  adequately discussing Dr. Greenfield's opinions, erred in his consideration of Dr. Harris' opinions, and
4  erred by not resolving the discrepancies at regulatory Step Five concerning other work Hadrick can
5  perform.  Remand is warranted when additional administrative proceedings can remedy defects in the
6  original decision.  <u>Lewin v. Schweiker</u>, 654 F.2d 631, 635 (9th Cir. 1981).  The recommended remand
7  instructions are to have the ALJ "properly consider and discuss Dr. Greenfield's and Dr. Harris'
8  opinions, reformulate Plaintiff's RFC in light of those opinions, if appropriate, and re-evaluate
9  Plaintiff's case under Step 5 of the sequential evaluation process.  R&R 28:28-29:4.

10  For the forgoing reasons, the Court **ADOPTS** the R&R analysis and **ACCEPTS** the
11  recommended results.  **IT IS HEREBY ORDERED** Hadrick's Motion is **GRANTED IN PART** and
12  **DENIED IN PART**, the Commissioner's Cross-Motion is **GRANTED IN PART** and **DENIED IN**
13  **PART**, and the case is **REMANDED** for further proceedings in accordance with the instructions
14  proposed in the R&R, terminating this case.

15  **IT IS SO ORDERED**.

16  DATED: September 5, 2007

17  *[signature]*
18  **HONORABLE LARRY ALAN BURNS**
   United States District Judge