UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BEVERLY HADRICK, | Case No. 06-CV-1084-LAB (JMA) |
| Plaintiff, | **ORDER DENYING PLAINTIFF'S MOTION AND PETITION FOR AWARD OF ATTORNEY'S FEES PURSUANT TO THE EQUAL ACCESS TO JUSTICE ACT** |
| v. | |
| MICHAEL J. ASTRUE, Commissioner of Social Security Administration, | |
| | **[Doc. 25]** |
| Defendant. | |

**I.   BACKGROUND**

On September 5, 2007, the Honorable Larry Alan Burns issued an Order Adopting Report and Recommendation ("R&R") and Remanding for Further Proceedings [Doc. 24].  On May 23, 2008, Plaintiff Beverly Hadrick filed a motion and petition for attorney's fees under the Equal Access to Justice Act ("EAJA" or "Act"), 28 U.S.C. § 2412(d).  Defendant Michael J. Astrue opposes Plaintiff's motion as untimely.

For the reasons discussed below, Plaintiff's motion for attorney's fees is **DENIED**.

## II. **LEGAL STANDARDS**

Section 2412(d)(1)(A) of the EAJA provides for an award of attorney's fees to prevailing plaintiffs in social security cases. 28 U.S.C. § 2412(d)(1)(A). The Act, however, limits the time during which a plaintiff may file a fee application. "A party seeking an award of fees and other expenses *shall, within thirty days of final judgment in the action*, submit to the court an application for fees and other expenses . . . ." 28 U.S.C. § 2412(d)(1)(B) (emphasis added). The EAJA defines "final judgment" as "a judgment that is final and not appealable." Id. § 2412(d)(2)(G). Accordingly, in order to be timely, a plaintiff seeking attorney's fees must file her application within thirty days after a "judgment that is final and not appealable."

Pursuant to 42 U.S.C. § 405(g), unsuccessful social security applicants may seek judicial review of the Commissioner of Social Security's final agency decision. 42 U.S.C. § 405(g). "Once a claimant brings an action under § 405(g), the district court may remand to the Commissioner of Social Security Administration only under sentence four or sentence six of § 405(g)." Hoa Hong Van v. Barnhart, 483 F.3d 600, 605 (9th Cir. 2007) (footnotes omitted). Sentence four of § 405(g) provides that "[t]he court shall have power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing." 42 U.S.C. § 405(g). "A remand under sentence four is essentially a determination that the agency erred in some respect in reaching a decision to deny benefits . . . ." Van, 483 F.3d at 605 (citation and quotations

omitted). "A sentence four remand becomes a final judgment, for purposes of attorney's fees claims brought pursuant to the EAJA . . . upon expiration of the time for appeal." Akopyan v. Barnhart, 296 F.3d 852, 854 (9th Cir. 2002), citing Shalala v. Schaefer, 509 U.S. 292, 297 (1993); Melkonyan v. Sullivan, 501 U.S. 89, 102 (1991); Flores v. Shalala, 49 F.3d 562, 568 (9th Cir. 1995). A plaintiff who obtains a sentence four remand, even if remanded for further administrative action, is considered a prevailing party for purposes of attorney's fees claims. Akopyan, 296 F.3d at 854.

In contrast, sentence six remands may be ordered only in two situations: "where the Commissioner requests a remand before answering the complaint, or where new, material evidence is adduced that was for good cause not presented before the agency." Akopyan, 296 F.3d at 854. "Unlike sentence four remands, sentence six remands do not constitute final judgments." Id. at 855.

### III. DISCUSSION

The September 5, 2007 Order Adopting Report and Recommendation and Remanding for Further Proceedings was unquestionably issued pursuant to sentence four of § 405(g) in that it partially reversed the decision of the Commissioner of Social Security pursuant to the Court's finding that the agency had erred in some respect in reaching its decision to deny benefits to Plaintiff. The September 5, 2007 Order also clearly constituted the Court's judgment in this case. At its conclusion, the Order explicitly states that "the case is **REMANDED** for further proceedings in accordance with the

instructions proposed in the R&R, terminating this case." Sept. 5, 2007 Order at 3 (emphasis in original).

Rule 58 of the Federal Rules of Civil Procedure requires that "[e]very judgment and amended judgment . . . be set out in a separate document." Fed. R. Civ. P. 58(a). A judgment is entered, for purposes of the Federal Rules, "when the judgment is entered in the civil docket" and the earlier of the following events occurs: (1) the judgment is set out in a separate document or (2) 150 days have run from the entry of the judgment in the civil docket. Fed. R. Civ. P. 58(c)(2).

Here, although the September 5, 2007 Order was clearly the judgment in the case, it arguably was not the "separate document" of judgment required by Rule 58. Therefore, judgment was entered, pursuant to Rule 58, 150 days after entry of the September 5, 2007 Order, or February 4, 2008. See Fed. R. Civ. P. 6(a)(3) (providing that the last day of any time period governing the filing of motion papers cannot end on a Saturday, Sunday, or legal holiday). The time for filing a notice of appeal, when an agency of the United States is a party, is within 60 days after judgment is entered. Fed. R. App. P. 4(a)(1)(B). Thus, the judgment became "final and not appealable" on April 4, 2008. The 30 day time frame under the EAJA for Plaintiff to file her application for attorney's fees began to run upon expiration of the 60 day appeal period, and ended on May 5, 2008. See 28 U.S.C. § 2412(d)(1)(B). Because Plaintiff did not file her application for attorney's fees until May 23, 2008, the Court finds that the application was not timely filed under the EAJA.
//

Plaintiff urges the Court to find that equitable tolling applies under the specific facts of this case. Pl.'s Reply at 3. She first argues that equitable tolling applies to the period of time her counsel spent unsuccessfully negotiating with Defendant's counsel regarding EAJA fees. Id. Plaintiff cites no authority supporting this position, however, and the Court does not find it to be a reasonable one. Moreover, the Court notes that the settlement negotiations regarding Plaintiff's attorney's fees, which apparently took place between October 14, 2007 and December 12, 2007 (see id.), occurred before judgment became final and not appealable in any event. Her time to file the application for fees under the EAJA had not even started to run at that point. Plaintiff next argues that equitable tolling should apply because Defendant's counsel's "general office policy" over the past nine years has been to refrain from asserting arguments of untimeliness. Id. at 3-4. Again, Plaintiff has cited no authority supporting this position, and the Court is not persuaded that equitable tolling should apply in such a case.

Finally, Plaintiff cites various cases to support her proposition that the Court should avoid an "overly technical" approach to the EAJA and should broadly interpret the EAJA fee time limits. Id. at 4-7. The Court has carefully reviewed each of the cases cited by Plaintiff -- language from which she has very selectively cited -- and finds that none of them has any applicability to this matter and none compels the result she urges.

//

## IV. CONCLUSION

For the reasons discussed above, Plaintiff's motion for attorney's fees is **DENIED**.

**IT IS SO ORDERED.**

DATED: September 8, 2008

Jan M. Adler
U.S. Magistrate Judge